UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMY ROSE BONNING,<br><br>             Plaintiff,<br><br>v.<br><br>GOVERNOR BRAD LITTLE and ADA COUNTY SHERIFF STEPHEN BARTLETT,<br><br>             Defendants. | Case No. 1:21-cv-00165-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

    Plaintiff Amy Rose Bonning is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 10.

    Plaintiff has now filed an Amended Complaint, in which she clarifies that, at the time her claims arose, she was a pretrial detainee held in the Ada County Jail. *See* Dkt. 14. The Court retains its screening authority under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial Complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

1. **Screening Requirement and Legal Standards**

As explained in the Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

In its Initial Review Order, the Court set forth the legal standards governing pleadings in general and Plaintiff's claims in particular. The Court incorporates those standards here. *See Init. Rev. Order* at 2, 7–13.

2. **Allegations of the Amended Complaint**

Plaintiff's claims in this action involve the conditions of confinement in the Ada County Jail from June 2020 to January 2021. *Am. Compl*. at 2, 3. Plaintiff alleges that those conditions were not constitutionally adequate because they posed a substantial risk that inmates would contract COVID-19.

Plaintiff's Amended Complaint contains only a few factual allegations against each Defendant. Plaintiff asserts that Governor Little "did the following":

> Defendant holds a purposeful knowledge with a reckless
> state of mind regarding the imminent danger that

> [Plaintiff] was and is in under his county and state supervision. He fails to supervise and properly train the officials that have held her in custody for nonviolent crime as a pretrial detainee and a state inmate forcefully exposing her to cruel and unusual amounts of COVID-19 life-threatening disease. It goes beyond common decency of the contemporary community standards and it handicaps all rules and laws for none are in common with this pandemic.
>
> … The Defendant is deliberately indifferent to the deadly risk on her life and failed to instruct, train and supervise a way for her to abate this risk ….

*Id*. at 2.

Plaintiff alleges that Sheriff Bartlett acted as follows:

> Failed to supervise and manage his jail; … exposed [Plaintiff] to immeasurable inhumane amounts of COVID-19 life-threatening disease. Recklessly filling dorms of 60–80 with no masks, no social distancing, no vaccines and no reduced population and no way to seek safety. He forced her to be repeatedly at risk at losing her life and she begged for her life daily to his staff and to him and he continued to be deliberately indifferent attempting a fatal outcome as a pretrial detainee on a nonviolent crime. This was beyond the scope of punishment and beyond cruel and unusual with a purposeful mind.

*Id*. at 3. Plaintiff also alleges that she became ill "several times" and "was rushed to the hospital," but she fails to identify her illnesses; she states only that she presented with "signs of clots and infections," and had an elevated white blood cell count, at some point after she left the Ada County Jail. *Id*. at 2.

3.  **Discussion**

Plaintiff claims that the conditions in the Ada County Jail violated the Eighth Amendment. *Id*. at 2–3. Because she was a pretrial detainee, however, the Court must analyze her claims under the Fourteenth Amendment's Due Process Clause, which prohibits conditions of pretrial detention that amount to punishment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also Init. Rev. Order* at 9–11.

Under the Fourteenth Amendment, pretrial detainees' rights are violated if jail officials cause injury by acting with "objective deliberate indifference." That standard requires that pretrial detainees plausibly allege the following when pursuing § 1983 claims:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable [official] in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) by not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc).

In large part, Plaintiff's allegations are nothing more than legal conclusions, such as Defendants' (1) acting with a purposeful or reckless state of mind,

(2) failing to train or supervise jail officers, and (3) subjecting Plaintiff to cruel and unusual punishment with respect to the risk of COVID-19. Such conclusions are not entitled to the presumption of truth—the Court need not, and does not, accept them for purposes of screening under the PLRA. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). These statements are precisely the type of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that do not state a plausible claim. *See id.*

The only factual allegations in the Amended Complaint are the following: (1) Plaintiff informed unidentified jail officers and Sheriff Bartlett that she was concerned for her life due to conditions in the jail; (2) inmates did not have access to masks or coronavirus vaccines; (3) inmates were not socially distanced from each other; and (4) Bartlett did not choose to release inmates from jail to alleviate the risk of COVID-19. All of these allegations pertain to the period between June 2020 and January 2021. However, none of them gives rise to a plausible inference that either Defendant acted with objective deliberate indifference to a substantial risk that Plaintiff might contract COVID-19. *See Castro*, 833 F.3d at 1071.

That Defendants were aware of Plaintiff's concern for her life says nothing about whether the risk of harm from exposure to COVID-19 in the jail was substantial, as required by *Castro*. The Amended Complaint contains no facts suggesting that social distancing was even physically possible in the Ada County Jail; Plaintiff also fails to allege that either Defendant had the power to release inmates from jail to alleviate any social distancing problems. And, COVID-19 vaccines were not generally available until after Plaintiff was transferred out of the county custody, so the failure to provide vaccines could not possibly have been either an intentional decision by jail officials or the cause of any injury.

The general allegation that the jail did not provide masks does not support a plausible inference that the measures jail officials *did* put in place in response to the pandemic were unreasonable. *See Castro*, 833 F.3d at 1071 (requiring detainee to allege that defendant did not take reasonable measures to abate a substantial risk). Notably, the Amended Complaint states only what Defendants did *not* do in response to the pandemic; it does not describe what Defendants *did* do.

Concerns about officer safety and institutional security can support a reasonable decision not to provide inmates with face masks—as we have all learned during the pandemic, masks make it difficult to quickly identify others and to gauge someone's intentions from their facial expressions. Such diminished capabilities pose serious concerns in a jail or prison. *See Bell v. Wolfish*, 441 U.S.

520, 547 n.28 (1979) ("There is no basis for concluding that pretrial detainees pose any lesser security risk than convicted inmates. Indeed, it may be that in certain circumstances they present a greater risk to jail security and order."). Rather than acting with objective deliberate indifference, the "obvious alternative explanation" is that Defendants reasonably decided not to provide masks because, despite the fact that masks can help lower the risk of infection, they also implicate serious safety and security issues. *Iqbal*, at 682; *see also Kesling v. Tewalt*, 476 F. Supp. 3d 1077, 1088 n.1 (D. Idaho 2020) ("There … might be … reasons that would make requiring face masks for all individuals in a prison impracticable or undesirable, such as the need to identify inmates or visitors quickly for purposes of safety and security.").

Finally, the Amended Complaint fails to state a claim because it does not plausibly allege proximate causation. *See Mendez v. Cty. of Los Angeles*, 897 F.3d 1067, 1076 (9th Cir. 2018) ("The proximate cause question asks whether the unlawful conduct is closely enough tied to the injury that it makes sense to hold the defendant legally responsible for the injury."). Plaintiff does not allege that she contracted COVID-19. The causes of Plaintiff's illnesses are unclear, and the Amended Complaint does not support a reasonable inference that Plaintiff contracted COVID-19 in jail.

Plaintiff's claims against Governor Little must be dismissed for the additional reason that the Governor was not Plaintiff's custodian—Sheriff Bartlett was. Ada County, not the State of Idaho, manages the county jail. Therefore, the Governor could not possibly have caused a substantial risk of serious harm to Plaintiff as a result of jail conditions.

For the foregoing reasons, the Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted.

## 4.  Conclusion

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Amend (Dkt. 13) is GRANTED IN PART, to the extent that the Court has reviewed the Amended Complaint.

2. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 10), this entire case is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: March 1, 2022

_____
B. Lynn Winmill
U.S. District Court Judge